**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MARCIO ALENCAR,**

      **Plaintiff,**

**-vs-**                **Case No. 6:05-cv-776-Orl-18DAB**

**CHOICE LEASING CORPORATION,**

      **Defendant.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 13)**
>
> **FILED:**   October 25, 2005
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

Plaintiff brought this suit for unpaid wages and overtime compensation under the Fair Labor Standards Act ( the "FLSA") and breach of employment contract (Doc. No. 1). Following service of process, no answer or responsive motion was filed, and the Clerk entered a default, on Plaintiff's motion for same. Due to the absence of any record activity, the District Court issued an Order to Show Cause (Doc. No. 9). Plaintiff's counsel responded to the Order (Doc. No. 12), and filed the instant motion for default judgment. The motion is inadequate, and is therefore denied, without prejudice.

As noted by plaintiff, the effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages. Thus, if liability is well-plead in the complaint, it is established by the entry of a default. *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987). A court may enter a default judgment only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston National Bank,* 515 F. 2d 1200, 1206 (5th Cir. 1975). If the amount of damages sought are not specified in the complaint, Plaintiff must prove up the unliquidated sums, in a hearing on damages or otherwise. Rule 55(b)(2), Federal Rules of Civil Procedure.

Applied here, Plaintiff asserts that Defendant was "legally served" with the Complaint, and Plaintiff is owed 260 hours of unpaid overtime, at the rate of $8.50 an hour, for a total of $3,315.00 as well as liquidated damages in like amount and $1,764.50 for attorney's fees and costs. Plaintiff, however, has failed to present any *evidence* supporting any of the above statements.

As for service, the proof of service filed herein indicates that Samuel Leprell was served with process as Defendant's registered agent. Counsel does not, however, present any proof that Mr. Leprell is indeed the registered agent for this foreign Defendant. Due process demands that before entry of judgment be had against an alleged foreign entity, at the very least, Plaintiff is obliged to show that service was had on an appropriate representative.[1]

Similarly, the record contains no *evidence* regarding damages. While it is true that the default serves to admit the well-plead allegations of the Complaint, the Complaint did not specify the amount of damages. In fact, the overtime count states only that Plaintiff worked "numerous weeks in excess

---

[1]The Court does not find that Mr. Leprell is not an appropriate representative for purposes of service, only that, on this record, there is no proof other than mere assertion that he is so.

of forty (40) hours a week." Complaint at allegation 10. There is nothing in the Complaint to indicate the amount of overtime worked, or the hourly rate of pay. Counsel's unsworn, hearsay statements set forth in a motion are not evidence. Plaintiff has not met his burden of establishing damages.

Finally, the statement of account tendered by counsel is also not evidence. Absent an evidentiary basis to award damages against this Defendant, the motion is **denied, without prejudice** to renewal upon proper showings as to service, damages and fees.

**DONE** and **ORDERED** in Orlando, Florida on October 26, 2005.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties